**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated: March 25 2024**

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 23-31360 |
| | ) | |
| Kurt A. Rillema, | ) | Chapter 7 |
| | ) | |
| Alleged Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION AND ORDER

One petitioning creditor, Beau Harvey ("Harvey" or "Petitioning Creditor"), filed an involuntary Chapter 7 petition against Kurt A. Rillema ("Rillema" or "Alleged Debtor") under § 303 of the Bankruptcy Code, 11 U.S.C. § 303. [Doc. # 1] ("Involuntary Petition"). Rillema filed a Motion to Dismiss and for Sanctions [Doc. # 8] ("Motion") with respect to the Involuntary Petition. Alleged Debtor's Motion asserts that Harvey holds a claim that is the "subject of a bona fide dispute as to liability or amount" and argues that he is therefore not eligible under § 303(b) to commence an involuntary bankruptcy case against Rillema. As the only Petitioning Creditor, if Harvey is not eligible to file a case against Rillema it will have to be dismissed. *See* 11 U.S.C. § 303(b)(1), (2). The Motion seeks other relief from Harvey that needs to be addressed now only if the case is dismissed.

The district court has original and exclusive jurisdiction over this case as a case under Title 11. 28 U.S.C. § 1334(a). It has been referred to this court by the district court under its standing general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio. The Motion is a core proceeding that this court may hear and determine as it concerns

the administration of the estate and adjustment of the debtor-creditor relationship. 28 U.S.C. § 157(b)(1), (b)(2)(A) and (O); *In Re Haymond*, 633 B.R. 520, 526-27 (Bankr. S.D. Tex. 2021); *see In re Taberna Preferred Funding IV, LTD*., 594 B.R. 576, 581 (Bankr. S.D.N.Y. 2018).

Under § 303(b), an involuntary case is commenced "by the filing with the bankruptcy court of a petition under chapter 7 or chapter 11" of the Bankruptcy Code. 11 U.S.C. § 303(b). Representing himself, Harvey filed the Involuntary Petition on currently numbered Official Form 105, titled "Involuntary Petition Against an Individual."[1] Bankruptcy Rule 9009(a) requires the use where available of Official Forms, like Official Form 105, as prescribed by the Judicial Conference of the United States. They are generally required to be used "without alteration." Fed. R. Bankr. P. 9009(a). The Involuntary Petition, like the form, is five pages long, with no information added on Page 5. There are no attachments to the Involuntary Petition. The printed form, which Harvey signed manually as the only petitioner, states that it is being signed under penalty of perjury and declares that the information provided is true and correct. [Doc. # 1, p. 4/5]. The Involuntary Petition form is all Harvey filed (and all that he was required to file) to start the process of trying to force Rillema into a Chapter 7 case in this court.

For the most part, Harvey filled out the Involuntary Petition form.[2] It is mostly a check the box form. Some of the statutory elements that must be met before an order for relief is entered against a debtor in an involuntary case are pre–printed on the form, being swept within the signature and declaration under the penalty of perjury. For example, in conclusory fashion at Part 3, Question 11, captioned Allegations, the statement is printed that "Each petitioner is eligible to file this petition under 11 U.S.C. § 303(b)." That conclusory printed averment on the Official Form sweeps in exactly the eligibility issue raised in the Motion, namely whether the claim(s) alleged by Harvey against Rillema is the subject of bona fide dispute as to either liability or amount. At Part 3, Question 13, captioned "Each petitioner's claim," Harvey typed in the following information:

| Name of Petitioner | Nature of petitioner's claim | Amount of the claim above value of any lien |
|---|---|---|
| Beau Harvey | Conversion and Unsecured debts due and legally undisputed | $218,403.16 |
| | Purchase Money due from property purchase | $201,392.44 |
| | | Total: $419,795.60 |

---

1 Harvey paid at filing the $338 filing fee. Fed. R. Bankr. P. 1006(a).

2 An exception is Part 3, Question 12, where there are two alternative boxes, a "No" and a "Yes." Harvey checked neither box, leaving Question 12 blank and without a response. [Doc. # 1, p. 3/5]. This omission is not raised in and does not factor into the Motion.

2

[*See* Doc. # 1, p. 3/5]. This is the only information in the Involuntary Petition form about Harvey's alleged claim(s) against Rillema.

The Clerk issued a summons to Harvey, [Doc. # 2], who served it on the Alleged Debtor with a copy of the Involuntary Petition, [Doc. #3]. Fed. R. Bankr. P. 1010(a). As specified by Bankruptcy Rule 1011(b), the summons stated that the deadline for response to the Involuntary Petition was 21 days after service of the summons, which occurred on August 1, 2023. [Doc. #3]. Alleged Debtor timely filed the Motion. The Motion requests dismissal of the Involuntary Petition, on the grounds that Harvey is not an eligible petitioning creditor because the debt alleged to be owed to Harvey by Rillema is "hotly contested and disputed." [Doc. # 8, p. 1 at ¶ 2 (main document)]. It also seeks sanctions against Harvey under § 303(i) for filing an "improper and abusive" petition and sealing of the records related to the Involuntary Petition under § 303(k).

There are five exhibits (A through E) comprising 121 pages attached to the Motion. They include a complaint against Rillema that Harvey filed in the United States District Court for the Northern District of Ohio (84 pages), Rillema's motion to dismiss that complaint under the doctrine of forum non conveniens and Rule 12(b)(6) of the Federal Rules of Civil Procedure (24 pages), Judge James G. Knepp's Memorandum of Opinion and Order granting Rillema's motion to dismiss the district court complaint, the Judgment Entry of dismissal of the district court complaint (2 pages), and a purported Civil Appeal Statement in the Sixth Circuit Court of Appeals challenging the dismissal (2 pages). The reason for dismissal of the district court complaint was procedural, based on an arbitration clause in a limited liability company operating agreement between Harvey and Rillema as members of an LLC called 522 Reynolds, LLC formed in 2019. Harvey's Northern District of Ohio federal court lawsuit was dismissed on July 28, 2023, and Harvey immediately thereafter filed his Involuntary Petition in this court on July 31, 2023.

With leave of court, [Doc. # 14], Harvey filed an untimely three-page response to the Motion, [Doc. # 15], making conclusory arguments that there is no defense to his claim(s) against Rillema and thus "there is no dispute viable or contestable" despite counsel's equally conclusory arguments to the contrary in the Motion.

Before the court authorized the late response to the Motion and Harvey formally filed it, Alleged Debtor jumped the gun and filed his reply to Harvey's response. [Doc. # 13]. Rillema's reply is 77 pages long, five of which are counsel's arguments in reply and 71 of which are additional Exhibits marked 1 through 9. Exhibit 1 to the Reply is an excerpt from the Michigan Limited Liability Company Act. Exhibit 2 to the Reply is Rillema's Verified Petition to Compel Arbitration against Harvey filed on August 11,

3

2023, in the United States District Court for the Eastern District of Michigan. Exhibits 3 through 9 to Alleged Debtor's Reply are various filings and orders made in that proceeding.

Alleged Debtor followed up his Reply by filing, without leave of court, a document called his "Supplement to Reply to Response to Motion to Dismiss." [Doc. # 17]. Attached as an Exhibit to the supplement is a sixteen-page order that grants Rillema's motion to compel arbitration of the parties' claims around the 522 Reynolds, LLC Operating Agreement and appoints an arbitrator.

On March 15, 2024, Rillema filed, again without leave of court, another "Supplement to Motion to Dismiss," [Doc. # 21], "advising" the court of more litigation and court proceedings involving the parties around the 522 Reynolds, LLC property in Toledo. In total, it is 232 pages long, consisting mostly of additional exhibits. They include more filings and orders from the Eastern District of Michigan lawsuit/arbitration, including an affidavit and attached exhibits, [Doc. # 21, Ex. B], and documents from a Chapter 11 bankruptcy case Harvey apparently filed in the Eastern District of Michigan. The second supplement, as are the Motion, the Reply and the first supplement, are replete with counsel's arguments and statements about facts, Harvey's credibility and an argument that Harvey's bankruptcy filing is a judicial admission that Rillema doesn't owe Harvey anything.

## LAW AND ANALYSIS

### I. Eligibility to be a Petitioning Creditor Under § 303(b) of the Bankruptcy Code

Under § 303 of Title 11, an involuntary case may be commenced only by holders of claims that are not contingent as to liability[3] or the subject of a bona fide dispute as to liability or amount. 11 U.S.C. § 303(b). The burden rests on the petitioning creditor to establish its qualification under § 303(b). *Riverview Trenton R.R. Co. v. DSC, Ltd. (In re DSC, Ltd.)*, 486 F.3d 940, 944 (6th Cir. 2007).[4] The eligibility requirements of § 303(b) are not jurisdictional. *In re Bowshier*, 313 B.R. 232, 239 (Bankr. S.D. Ohio 2004); *In re Kidwell,* 158 B.R. 203, 208-09 (Bankr. E.D. Ca. 1993). Rillema argues that Harvey is not eligible to commence this case because his claim(s) is subject to bona fide dispute as to liability or amount. He points to the federal court litigation and arbitration between the parties and the order compelling arbitration to show that there is a bona fide dispute over Harvey's claim(s).

The Bankruptcy Code does not define bona fide dispute as used in § 303(b). In *DSC, Ltd.,* the

---

[3] Alleged Debtor does not argue that Harvey's claim(s) are contingent.

[4] The court believes that the more complete reading is that the burden on the Petitioning Creditor is to establish a prima facie case that there is no bona fide dispute as to liability or amount. Once the petitioning creditor satisfies its burden, the burden shifts to the alleged debtor to demonstrate that a bona fide dispute exists. *In re Bos,* 561 B.R. 868, 878 (Bankr. N.D. Fla. 2016).; *In re Int'l Oil Trading Co., LLC,* 545 B.R. 336, 350 (Bankr. S.D. Fla. 2016). *But see In re FMB Bancshares, Inc.,* 517 B.R. 361, 369-70 (Bankr. M.D. Ga. 2014) (citing *DSC, Ltd.,* but no mention of burden shifting).

4

Sixth Circuit Court of Appeals adopted a test to determine whether a claim is subject to bona fide dispute. The court stated that Congress made clear that it intended to disqualify a petitioning creditor when there is any legitimate basis for the alleged debtor not paying the debt, whether that basis is factual or legal. It set forth the following test previously adopted by the Sixth Circuit Bankruptcy Appellate Panel: if there is either a genuine issue of material fact that bears upon the debtor's liability, or a meritorious contention as to the application of law to undisputed facts, then the petition must be dismissed. *Id.* at 945, quoting *In re Eastown Auto Co.,* 215 B.R. 960, 965 (B.A.P. 6th Cir. 1998), quoting and adopting *In re Lough*, 57 B.R. 993, 997 (Bankr. E.D. Mich. 1986).[5] The Bankruptcy Appellate Panel instructed that, in determining whether a claim is subject to bona fide dispute, the bankruptcy court must not resolve any genuine issues of fact or law, it must only determine whether such issues exist. *Id.*

The Fifth Circuit described the standard first articulated in *In re Lough* as an objective standard and elaborated as follows:

> [T]he petitioning creditor must establish a prima facie case that no bona fide dispute exists. Once this is done, the burden shifts to the debtor to present evidence demonstrating that a bona fide dispute does exist. Because the standard is objective, neither the debtor's subjective intent nor his subjective belief is sufficient to meet this burden. The court's objective is to ascertain whether a dispute that is bona fide exists; the court is not to actually resolve the dispute. This does not mean that the bankruptcy court is totally prohibited from addressing the legal merits of the alleged dispute; indeed, the bankruptcy court may be required to conduct a limited analysis of the legal issues in order to ascertain whether an objective legal basis for the dispute exists.

*Subway Equip. Leasing Corp. v. Sims (In re Sims)*, 994 F.2d 210, 221 (5th Cir. 1993), quoting *Rimell v. Mark Twain Bank (In re Rimell)*, 946 F.2d 1363, 1365 (8th Cir. 1991).

**II. Procedural Basis for the Motion**

Although an awkward fit, the Bankruptcy Rules clearly treat the form Involuntary Petition as akin to a traditional complaint. *See* Fed. R. Bankr. P. 1018; *see In re Kidwell,* 158 B.R. at 208 ("the filing of a a[n involuntary] petition sufficient on its face, containing the essential allegations, invokes the subject matter jurisdiction of the bankruptcy court."). As with an adversary complaint, Bankruptcy Rule 1010 provides for issuance of a summons by the Clerk and service of the summons and a copy of the petition on the alleged debtor. Bankruptcy Rule 1011 governs the response to an involuntary petition, providing

---

5  Section 303(b) was amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), effective October 17, 2005, to make clear that a bona fide dispute may be as to either liability or amount. The test set forth in *In re Eastown Auto Co*. refers only to a genuine issue of material fact that bears upon the debtor's *liability* and is silent as to a genuine issue as to the *amount* of the petitioning creditor's claim. However, *In re Eastown* is a pre-BAPCPA case.

that "[d]efenses and objections to the petition shall be presented in the manner prescribed by Rule 12 F.R.Civ.P and shall be filed and served within 21 days after service of the summons…" The form summons in an involuntary case to be issued by the Clerk advises that the alleged debtor is "required to file with the clerk of the bankruptcy court a motion or answer to the petition...." [*See* Doc. # 2]. Bankruptcy Rule 1011 also uses the word "answer" in reference to a response to an involuntary petition, at subparts (d) and (e). Fed. R. Bankr. P. 1011(d), (e). Of procedural significance to this case, Bankruptcy Rule 1011(c) contemplates and allows the filing in response to an involuntary petition of a motion under Rule 12 of the Federal Rules of Civil Procedure, with the same effect as in ordinary litigation of extending the deadline for filing a responsive pleading. Fed. R. Bankr. P. 1011(c).

Alleged Debtor chose the procedural route permitted by Bankruptcy Rule 1011(c) of filing a motion under Rule 12 as his initial response to Harvey's Involuntary Petition. The Motion, [Doc. # 8, p.1/4], and the supporting brief to the Motion states that it is brought under Rule 12 of the Federal Rules of Civil Procedure, [Doc. # 8, Attachment 7]. Rule 12 allows several types of motions to be filed, while also providing for the filing of a responsive pleading. The Motion does not clearly articulate what subpart of Rule 12 it is brought under. It does not state any standard that this court should apply in deciding it.

Rule 12(c) permits a motion to be made for judgment on the pleadings, but only after the pleadings are closed. Fed.R.Civ P. 12(c). Rillema has not filed an answer as his response to the Involuntary Petition. Therefore, the pleadings are not closed and a Rule 12(c) motion for judgment on the pleadings would be premature. The court will not treat Rillema's Motion as a Rule 12(c) motion for judgment on the pleadings.

Rule 12 also provides for a motion for more definite statement, Fed.R.Civ.P. 12(e), and a motion to strike, Fed.R.Civ.P. 12(f). The Motion does not ask for either a more definite statement of the Involuntary Petition or that any material be stricken from it. The court will not treat Rillema's Motion as either a motion for more definite statement or a motion to strike.

The only other motion permitted by Rule 12 is one brought under subpart 12(b), Fed.R.Civ.P. 12(b). Rule 12(b) permits seven types of defenses to be brought by motion instead of by responsive pleading. The tone and the arguments made in the Motion show that is within the ambit of Rule 12(b)(6), seeking dismissal for failure to state a claim upon which relief can be granted, specifically Harvey's failure to show that his claim(s) against Rillema is not subject to bona fide dispute as to liability or amount. [*E.g.,* Doc. # 8, p. 2/5, para.5 (main document)]. Of the seven listed defenses, Rule 12(b)(6) is the only one that fits the Motion, however awkwardly.[6] The court will treat the Motion as brought under Rule 12(b)(6)

---

6 Rillema cannot argue that he is raising a jurisdictional issue under Rule 12(b)(1), because the lack of bona fide dispute petitioner eligibility standard is not

seeking dismissal because the Involuntary Petition fails to state a claim upon which relief can be granted in Harvey's favor by entering an Order for Relief against Rillema.

### III. Standard Applicable to Rule 12(b)(6) Motion

As other courts have observed, application of Rule 12(b)(6) to an Involuntary Petition is not a good fit, given the nature of the document as form based and conclusory in some respects. *In re QDOS, Inc.*, 607 B.R. 338, 345 (B.A.P. 9th Cir. 2019) ("In many cases, a bankruptcy court will not be able to dismiss an involuntary case solely on a motion to dismiss."); *In re Kidwell*, 158 B.R. at 210 ("Although permitted, a Rule 12(b)(6) motion is not ordinarily an efficient way to raise the defense. Except in clear cut situations, ruling is generally better postponed until trial."); *In re Rambo Imaging, L.L.P.*, Case No. 07-11190, 2007 WL 3376163, * 14 (Bankr. W.D. Tex. Nov. 8, 2007) ("[W]hile use of Rule 12 is allowed in the context of an involuntary petition, its benefits in this context appear to be limited…."; at that time Official Form was number 5); *In re Gutierrez,* Case No. 20-50129-NPO, 2020 WL 3720211, * 5 (Bankr. S.D. Miss. May 15, 2020) ("The Court concludes that the purposes of Rule 12(b)(6) are not necessarily served by dismissal of a contested involuntary petition prior to a trial on the merits."); *In re Carolina Constructors & Investments, LLC,* C/A No. 20-02040-HB, 2020 WL 3637900, *1 (Bankr. D.S.C. June 26, 2020) (discussing and noting "limitations" in Official Form as incompatible with Rule 12(b)(6); quotations and citation omitted); *In re Haymond*, 633 B.R. at 542 ("While the use of Rules 12 and 56 are *allowed* in the context of an involuntary petition, their benefits in this context proved to be limited."; emphasis original). Nevertheless, Bankruptcy Rule 1011 makes it abundantly clear that Rule 12 does apply to contested involuntary petitions. Fed. R. Bankr. P. 1011; *In re QDOS, Inc.*, 607 B.R. at 345. ("Civil Rule 12(b)(6) applies in a contested involuntary situation just as it does generally…"). Rillema's Motion under Rule 12(b)(6) thus challenges the sufficiency of the Involuntary Petition to state a claim, not the merits of the claim as Rillema's filings tend to argue.

The standard applicable to deciding a Rule 12(b)(6) motion in ordinary litigation applies equally to deciding a Rule 12(b)(6) motion seeking dismissal of an Involuntary Petition for failure to state a claim. *In re QDOS, Inc.*, 607 B.R. at 345, 346; *In re Rambo Imaging, L.L.P.*, 2007 3376163, *5, *12. The discord between the Official Form I05 Involuntary Petition Against An Individual and Rule 12(b)(6), as shown by Rillema's arguments, arises from that standard. *Id.,* at *9-*10.

Under Rule 8 of the Federal Rule of Civil Procedure, a complaint must include a statement of the

---

jurisdictional. It would be helpful to Rillema to be able to rely on a defense of lack of subject matter jurisdiction because matters outside the pleadings may be considered by the court.

claim "showing that the pleader is entitled to relief." In considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, a complaint must be liberally construed in favor of the pleader and all well-pleaded factual allegation must be assumed as true. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). Allegations are deemed true, read "in the light most favorable to the plaintiff," with all reasonable inferences drawn in favor of the plaintiff. *Wamer v. University of Toledo,* 27 F.4th 461, 466 (6th Cir. 2022), quoting *Directtv, Inc. v. Treesh,* 487 F.3d 471, 476 (6th Cir. 2007). They need only state a claim that is plausible on its face. *Doe v. Miami Univ.,* 882 F.3d 579, 588 (6th Cir. 2018), quoting *Ashcroft v. Iqbal*, 556 U.S. at 678. Nevertheless, a pleader's obligation to provide the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Wamer*, 27 F.4th at 466, quoting *Bell Atl. Corp. v Twombly,* 550 U.S. 544, 555 (2007).

As a general rule, matters outside the pleadings may not be considered in ruling on a Rule 12(b)(6) motion to dismiss unless it is converted to one for summary judgment under Rule 56. Fed.R.Civ.P. 12(d); *CODA Development S.R.O. v. Goodyear Tire & Rubber Co.*, 916 F.3d 1350, 1360 (6th Cir. 2019), quoting *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016). Not surprisingly, Harvey did not attach any documents to or refer to any documents in the Involuntary Petition. He filled out Official Form 105 and added the information about his alleged claim(s). Alleged Debtor, however, has now provided hundreds of pages of documents in support of the Motion. They include extensive filings in other courts full of argument and allegations that are inappropriate to consider even on summary judgment beyond taking judicial notice of the fact that they have been filed. The level of analysis argued is "look. There is a lot of litigation between the parties," *ergo* there must be a bona fide dispute as to liability or amount of the debt(s) Harvey claims he is owed by Rillema.

The court declines to convert the Motion to one under Rule 56 because it has not been argued or treated as such by the parties. Rule 56 is never cited. The proffered material does not seem likely to facilitate effective and efficient disposition of the Involuntary Petition on the current record; the court has not seen an actual denial by Rillema himself that he owes Harvey anything. The litigation thus far has been procedural. There is at least one potential genuine issue of material fact, as there are apparently two versions of the parties' 522 Reynolds LLC operating agreement floating around, if that is the basis of Harvey's claims(s) against Rillema [Doc. # 8, Ex. C, p. 6/12 (District Judge Knepp's memorandum of decision in support of dismissal of Harvey's federal court complaint based on arbitration clause)]. The court would be required to give notice of conversion to the parties, causing further delay than has already occurred with the court's decision on the instant Motion. *Cf.* Fed. R. Bankr. P. 1013(a).; *Urban Outfitters,*

8

*Inc. v. Dermody Operating Company, LLC,* 572 F.Supp.3d 972, 993 (D. Nev. 2011) (because considering the additional exhibits would not quickly facilitate the disposition of the action, the court declined to consider them and convert motion to Rule 56). "'Federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.'" *Id.*, quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1366 (3d ed. April 2021 Update).

On that basis, the court will exclude and disregard the hundreds of pages of documents Rillema has filed outside the four corners of the Involuntary Petition. *See Cotterman v. City of Cincinnati, Ohio,* No. 21-3659, 2023 WL 7132017, *5 (6th Cir. Oct. 30, 2023) (district court committed technical error in not explicitly excluding affidavits and transcripts from consideration of a Rule 12(b)(6) motion).

Nevertheless, there being exceptions to the general rule, *Coda Development S.R.O.,* 916 F.3d at 1360, the court will consider as an alternative whether any of the exhibits filed by Alleged Debtor may properly be considered under Rule 12(b)(6) that would not necessitate conversion of the motion to one under Rule 56. *E.g., State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102 (8th Cir. 1999), *cert. denied* 527 U.S. 1039 (some materials outside of the complaint may be considered without converting the motion to one under Rule 56); *see In re Fair Finance Co.*, 834 F.3d 651, 656 n.7 (6th Cir. 2016).

**A. Considering Sufficiency of Petition Only, Disregarding Exhibits Filed by Rillema**

The court must take all the well-pleaded allegations in the Involuntary Petition as true and afford Harvey all inferences in his favor. That includes his averments at Part 3, Question 13 about the nature of his claim(s). They are very specific in amount, to the penny (total of $419,795.60), and far exceed the threshold dollar amount of § 303(b)(1). As Harvey is the only petitioning creditor, the court infers in his favor that Rillema has fewer than 12 such creditors and that only one is necessary to bring the petition. *See* 11 U.S.C. § 303(b)(2). While the court disregards as a legal conclusion Harvey's statement that his claim for conversion is "legally undisputed," it must otherwise take his allegations as true. The statement in the Allegations section of Part 3, Question 11 of the Petition that "[e]ach petitioner is eligible to file this petition under 11 U.S.C. § 303(b)" sweeps in the standard challenged by Rillema that the claim(s) Harvey asserts are not subject to bona fide dispute as to either liability or amount.

While, almost literally, all the boxes are checked setting forth against Rillema the statutory basis for commencing an involuntary bankruptcy case against him under § 303, it is not unreasonable to argue that the petition amounts to the type of formulaic recitation of elements of a cause of action lacking sufficient facts supporting each element of the pleader's claim(s), contrary to the standard set by the

Supreme Court in *Aschcroft v. Iqbal.* The argument is that additional information and attachments are necessary to show the nature of the claim(s) and its basis as not subject to bona fide dispute as to liability or amount. But that is where the standards of Rule 12(b)(6) collide with the requirement of Bankruptcy Rule 9009 that an involuntary petition be filed using the appropriate Official Form, here Official Form 105 used by Harvey. Several courts have considered precisely this argument, including with respect to the element under § 303(b)(1) that a petitioning creditor's claim is not subject to bona fide dispute as to liability or amount. Those courts have uniformly and persuasively rejected dismissal under Rule 12(b)(6) because the Official Form is required to be used without alteration, and its" legal sufficiency is generally assumed." *In re Haymond*, 633 B.R. at 531, citing *In re Gutierrez,* 2020 WL 37220211, at *3.

In determining if an involuntary petition withstands a motion to dismiss, the Court must look at the substantive requirements under 11 U.S.C. § 303. In order to successfully plead an involuntary petition, a petitioning creditor must establish that: (1) the alleged debtor can be a debtor under chapter 7 or 11 of the Bankruptcy Code; (2) the petitioning creditor has standing to file an involuntary petition under § 303(b); and (3) the alleged debtor is generally not paying his debts as they become due and the debts are not the subject of bona fide dispute as to liability or amount. This court agrees with and is persuaded by the reasoning of other courts that this is accomplished by checking the appropriate boxes on and filling out Official Form 105 as required by the Bankruptcy Code.

Here, Harvey as the sole Petitioning Creditor used Official Form 105 as required by the Bankruptcy Code and asserts in paragraph eleven that, (1) "Each petitioner is eligible to file this petition under 11 U.S.C. § 303(b)"; (2) "The debtor may be the subject of an involuntary case under 11 U.S.C. § 303(a)"; and (3) "The debtor is generally not paying such debtor's debts as they become due, unless they are the subject of a bona fide dispute as to liability or amount." Together with the information provided at Part 3, Question 13 about the nature of his claim(s), which the court must take as true with the exception of the legal conclusion, the court finds that the Involuntary Petition satisfies the Rule 8(a) pleading standards for purposes of an involuntary petition under § 303 of the Bankruptcy Code. *In re Haymond,* 633 B.R. at 534 (rejecting argument that petitioning creditor had to plead facts showing absence of bona fide dispute beyond allegation on Official Form that petitioning creditor is eligible under § 303(b)(2) and filling in description of debt); *In re Gutierrez,* 2020 WL 3720211, *4; *In re Rambo Imaging, L.L.P.*, 2007 WL 3376163, *10; *In re Griffin,* 2023 WL 6764043, *7 (same judge as in *In re Haymond,* reiterating that use of Official Form 105 without more satisfies the Rule 8(a) pleading standards for in involuntary petition under § 303). Considering only the Involuntary Petition, Alleged Debtor's motion to dismiss under Rule

12(b)(6) for failure to state a claim is denied.

**B. Considering Certain Exhibits Submitted by Rillema**

There are exceptions to the general rule that matters outside the complaint may not be considered in deciding a Rule 12(b)(6) motion without the motion being converted to a summary judgment motion under Rule 12(d). *Rondigo, L.L.C. v. Township of Richmond,* 641 F.23d 673, 680-81 (6th Cir. 2011)("'[A] court may consider exhibits attached [to the complaint], public records, items appearing of record in the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein," quoting *Bassett v. Nat'l Collegiate Athletic Ass'n,* 528 F.3d 426, 430 (6th Cir. 2008)). It is within the court's discretion to consider documents outside the complaint that are within certainly narrowly defined types of material. *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3, 287 (3d Cir. 1999); *Pryor v. Nat'l Collegiate Athletic Ass'n,* 288 F.3d 548, 559 (3d Cir. 2002).

None of the documents Rillema has attached to the Motion or the reply and its ongoing supplements are referenced in or attached to Harvey's Involuntary Petition. *Cf. Pryor,* 288 F.3d at 560. The category of documents outside the complaint that may sometimes be considered that is relevant in this case are court filings, including filings in courts besides the bankruptcy court, because they are public records. *Cotterman,* 2023 WL 7132017, * 4 (records of plaintiff's criminal case qualified as public records that a court may consider without converting a motion to dismiss into a motion for summary judgment). Most of the documents to which Rillema directs the court's attention are filings of record in courts other than this one: the United States District Court for the Northern District of Ohio, the United States District Court for the Eastern District of Michigan, the United States Bankruptcy Court for the Eastern District of Michigan and documents in an arbitration proceeding. The reason that court filings may be considered without converting a Rule 12(b)(6) motion to a Rule 56 motion is that they are matters of public record, whose authenticity generally cannot be questioned, and which are therefore subject to judicial notice. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b). Nevertheless, judicial notice "should be done sparingly at the pleading stage" and "[o]nly in the clearest of cases should the district court reach outside the pleadings for facts necessary to resolve a case at that point." *Victaulic Co. v. Tieman,* 499 F.3d 227, 236 (3d Cir. 2007).

Rillema has treated his reply as a rolling open-ended invitation to file documents without leave of court by calling them supplements. Harvey has not raised any issue with these filings. However, judicially noticing a document filed in other litigation because it is a public record does not mean that the contents of all such filings amount to judicially noticed facts that may properly be considered. Rillema files these

documents to support counsel's arguments full of unsupported facts that "look, Harvey's claim(s) is subject to bona fide dispute as to liability or amount because there wouldn't be all this litigation between the parties if it wasn't." However, ongoing litigation involving claims asserted as the basis for an involuntary petition does not necessarily equate to there being a bona fide dispute.

After reviewing the documents Rillema submits in support of his 12(b)(6) Motion, the court finds it inappropriate to take judicial notice of and will not consider the following categories of documents in deciding the Motion under Rule 12(b)(6).

(1) *Motions and briefs filed in any proceeding by Rillema.* These documents are an attempt to bootstrap his lawyers' arguments in other matters into this case as facts about which this court should take judicial notice. There are also exhibits attached to some of them that are simply inappropriate for consideration on judicial notice. It's not what Rillema's lawyers say and argue that makes Harvey's claim(s) subject to bona fide dispute. As Harvey gets right in his brief opposition, it's what Rillema says. [Doc. # 8, Ex. B; Doc. # 13, Exs 3, 4, 6, 7, 8].

(2) *Harvey Civil Appeal Statement in Northern District of Ohio litigation.* Authenticity cannot be confirmed. [Doc. # 8, Ex. E].

(3) *Documents in the arbitration proceeding.* These documents are not public records, and the court lacks indicia of their authenticity. [Doc. # 21, Exs. A, B, C, D].

(4) *Excerpt from Michigan law.* To the extent necessary and appropriate, the court will look to public resources for Michigan statutes, where the complete statute and context are available. [Doc. # 13, Ex. 1].

(5) *Bankruptcy documents from the Eastern District of Michigan Bankruptcy Court.* These have been submitted in support of a judicial estoppel argument Rillema first makes in his second supplement brief in support of the reply. As this argument is now being made in a reply document (not even in the initial reply) and not in the Motion to which Harvey was entitled to and did respond, these documents and the argument are not properly considered through the procedural vehicle of the Motion. [Doc. # 21, Exs. E, F]. *E.g., Ross v. Choice Hotels Intern., Inc.,* 882 F.Supp.2d 951 (S.D. Ohio 2012) (arguments made for the first time in a reply brief need not be considered by a court; citations omitted); *see Scottsdale Ins. Co. v. Flowers,* 513 F.3d 546, 552-53 (6th Cir. 2008).

After reviewing the documents Rillema submits in support of his Motion, the court finds it

appropriate to take judicial notice of and will consider the following categories of documents in deciding the Motion under Rule 12(b)(6) without converting it to one under Rule 56.

> (1) *Harvey's Complaint Against Rillema in the United States District Court for the Northern District of Ohio.* As Harvey filed this complaint and represented himself in doing so, he cannot be surprised by court consideration of this document on the issue of whether his claim(s) against Rillema are in bona fide dispute. This document was filed before his response to the Motion. He has not contested its consideration or its authenticity in connection with the Motion. [Doc. # 8, Ex. A].
>
> (2) *Rillema's Verified Petition to Compel Arbitration.* [Doc. # 13, Ex. 2]. A "verified" document that follows from Judge Knepp's Order in the Northern District of Ohio litigation.
>
> (3) *Judgment and orders of the United States District Courts for the Northern District of Ohio and Eastern District of Michigan.* It is appropriate to take judicial notice of a judgment or order in another case on a Rule 12(b)(6) motion, although not necessarily the facts therein. *S. Cross Overseas Agencies, Inc. v. Wah Kwang Shipping Group Ltd.,* 181 F.3d 410, 413 (3d Cir. 1999). [Doc. # 8, Ex. C, D; Doc. # 13, Exs. 5, 9].

The fact of ongoing litigation between a petitioning creditor and an alleged debtor may be indicative of a bona fide dispute as to liability or amount of a claim that is the basis for an involuntary petition. *In re Green Hills Dev. Co., LLC*, 741 F.3d 651, 659 (5th Cir. 2014) ("[b]ankruptcy courts routinely consider the existence and character of pending but unresolved litigation as evidence of a bona fide dispute"); *Shinko v. Miele,* 29 F. App'x 890, 890 (3d Cir. 2002)(bona fide dispute existed where the alleged claim had been "seriously contested in many rounds of state litigation"). While pending litigation over a claim strongly suggests the existence of a bona fide dispute, its mere existence does not necessarily establish a bona fide dispute. *In re TPG Troy, LLC,* 492 B.R. 150, 159 (Bankr. S.D.N.Y. 2013). How the litigation relates to the claim(s) and the status of the litigation, including whether there are affirmative defenses, whether there is a counterclaim, whether there is a judgment and whether there is a pending appeal, are relevant to the bona fide dispute analysis. *Adell v. John Richards Homes Bldg. Co., L.L.C. (In re John Richards Homes Bldg. Co., L.L.C.),* 312 B.R. 849, 853 (E.D. Mich 2004) (filings by alleged debtor in pending litigation, such as an answer denying claims and asserting affirmative defenses, indicated a bona fide dispute), *aff'd* 498 F.3d 248 (6th Cir. 2006); *In re Diamondhead Casino Corp.*, Case No. 15-11647(LSS), 2016 WL 3284674 (Bankr. D. Del. June 7, 2016) (affirmative defense does not per se show

a bona fide dispute, as circumstances matter); *In re Honolulu Affordable Housing Partners, LLC,* No. 15-00146, 2015 WL 2203474, *5 (Bankr. D. Haw. May 7, 2015).[7]

Looking to Harvey's complaint in the Northern District of Ohio, [Doc. # 8, Ex. A], the problem is that the court cannot tie the averments of Harvey's complaint to the claim(s) he states in the Involuntary Petition. The district court complaint, as does Rillema's action commenced in the Eastern District of Michigan to compel arbitration, revolve around the parties' disputes over ownership, operation and management of the 522 Reynolds, LLC. Harvey seeks in that complaint unspecified money damages, set off, disgorgement and equitable relief. Much of the complaint has nothing to do with pleading facts and is an ongoing argument about Michigan law. Paragraph 43 states that "Defendant has converted over $240,000 dollar of income annually since 2020."

The four counts of Harvey's complaint are captioned Count I Shareholder Member Oppression under MCL 450.4515, Count II Accounting of Company Assets and Liabilities and Removal of Kurt Rillema From Company, Count III Fraud, Silent Fraud, and Fraudulent Concealment, and Count IV Breaches of Fiduciary Duty. The prayer for relief seeks a money judgment of $1,350,000 against Rillema and various forms of non-monetary relief. The court is tempted to assume that Harvey's claims and the parties' fight around 522 Reynold, LLC are the same disputes that are the basis for Harvey's claim(s) in the Involuntary Petition. But the court cannot do so under Rule 12(b)(6), because all matters averred in the Involuntary Petition must be taken as true and all inferences from the Involuntary Petition must be taken in favor of Harvey. The claims stated in the Involuntary Petition are set forth in very specific amounts, to the penny. Those amounts bear no facial relationship to anything stated in the district court complaint. One amount ($218,403.16) is stated as due for "Conversion and Unsecured debts due" and the other amount ($201,392.44) is stated as due for "Purchase Money due from property purchase." For all the court knows, they may be different debts unrelated to the litigation commenced by the complaint and the parties' ongoing arbitration. On the face of the two documents, the two sets of claims appear different. Judge Knepp's opinion and judgment dismissing Harvey's complaint in the district court is purely procedural, based on the arbitration clause. Likewise, Rillema's litigation in the Eastern District of

---

[7] There is a dispute in the case law over the strength of the impact in the bona fide dispute analysis of an unstayed judgment against the alleged debtor. *Compare In re Drexler,* 56 B.R. 960 (Bankr. S.D.N.Y. 1986) (an unstayed judgment as to which an appeal has been taken by the debtor is not the subject of a bona fide dispute.) with *Platinum Fin'l Servs. Corp. v. Byrd (In re Byrd)*, 357 F.3d 433, 438 (4th Cir. 2004) (rejecting reasoning of *In re Drexler* in favor of a more nuanced analysis as the Bankruptcy Code establishes no such rule). The court is not aware of any judgment on the merits in favor of Harvey against Rillema.

Michigan and Judge Gray's orders are focused on the parties' fight over 522 Reynolds, LLC and procedurally how that fight will be determined. As one court similarly noted, "[w]here the petitioning creditor and alleged debtor have engaged in multiple transactions, 'the petitioning creditor may be permitted to rely on an undisputed claim where it arises from a separate transaction between the same parties.'" *In re Pivar*, Case No. 23-10938 (JLG), 2024 WL 823035, *7 (Bankr. S.D.N.Y. Feb. 27, 2024). In this procedural posture, the court cannot determine whether the claim(s) in the Involuntary Petition arise out of 522 Reynolds, LLC relationships and transactions that are the subject of Harvey's district court complaint and Rillema's motion to compel arbitration or are separate.

Moreover, the court presently has nothing in which Rillema himself denies or disputes the claim(s) Harvey asserts in his Involuntary Petition or in his complaint, even if they end up being one and the same. The court cannot so determine at this stage of the proceedings. And if they are, nothing the court has before it besides counsel's arguments shows a bona fide dispute as to liability or amount. "'Mere contentions, by themselves, are not enough to show the existence of a bona fide dispute; rather, the debtor must produce sufficient evidence demonstrating the existence of a bona fide dispute in order to satisfy its burden.'" *In re Carolina Constructors & Investments, LLC,* 2020 WL 3637900, *5, quoting *In re Quantum Cool, LLC,* C/A No. 12-00260-8-SWH, 2013 WL 3733182, at *7 (Bankr. E.D.N.C. July 15, 203 (citation omitted). The fact of lawsuits does not necessarily mean that there is a bona fide dispute as to liability or amount with respect to the claims asserted when the Sixth Circuit's objective test is applied.

Even when those matters outside the Involuntary Petition that may appropriately be considered without turning the motion into summary judgment are evaluated, the court cannot find at this stage of the proceedings under Rule 12(b)(6) that Harvey has failed to state a claim in his Involuntary Petition against Rillema upon which relief could be granted under § 303. As a result, Rillema's additional requests to seal the records of this proceeding and for sanctions against Harvey are premature and will be deferred.

Based on the foregoing reasons and authorities,

**IT IS ORDERED** that Alleged Debtor Kurt A. Rillema's Motion to Dismiss and for Sanctions [Doc. # 8] is **DENIED**, to the extent it seeks dismissal of the Involuntary Petition in this case, and **HELD IN ABEYANCE** to the extent it seeks to have the record of this proceeding sealed and sanctions for an abusive filing entered against Petitioning Creditor Beau Harvey; and

**IT IS FURTHER ORDERED** that pursuant to Fed. R. Bankr. P. 1011(b) and (c) and Fed. R. Bankr. P. 7012(a), Alleged Debtor shall file his responsive pleading to the Involuntary Petition, including his statement under Fed. R. Bankr. P. 1003(b) if Alleged Debtor contends that he has 12 or more creditors, on or before **April 10, 2024.**

###