The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: October 3 2024

Mary Ann Whipple
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In Re: | ) | Case No. 23-31360 |
| | ) | |
| Kurt A. Rillema, | ) | Involuntary Chapter 7 |
| | ) | |
| Alleged Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION ON ALLEGED DEBTOR'S MOTION FOR CONTEMPT

This is an involuntary Chapter 7 case. It is before the court on Alleged Debtor Kurt A. Rillema's Motion to Hold Beauregard Maximillion Harvey in Contempt of Court [Doc. # 65] ("Motion"). The alleged contemnor is the sole Petitioning Creditor in this case. Titled a motion for contempt, the Motion is one seeking sanctions for Petitioning Creditor's failure to comply with a court order requiring responses to Alleged Debtor's discovery requests. It is brought under Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure, which applies in this involuntary bankruptcy proceeding pursuant to Rules 1018 and 7037 of the Federal Rules of Bankruptcy Procedure.

On July 31. 2023, one petitioning creditor, Beau Harvey ("Harvey" or "Petitioning Creditor"), filed an involuntary Chapter 7 petition against Kurt A. Rillema ("Rillema" or "Alleged Debtor") under § 303 of the Bankruptcy Code, 11 U.S.C. § 303 [Doc. # 1] ("Involuntary Petition"). Harvey, a former attorney, is representing himself in bringing and prosecuting the Involuntary

Petition. Rillema, who is represented by counsel, responded to the Involuntary Petition by filing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court denied Rillema's motion to dismiss on March 25, 2024, and set a deadline of April 10, 2024, for Rillema to file his further response to the Involuntary Petition. [Doc. # 22].

Rillema filed his answer contesting the Involuntary Petition on March 27, 2024. [Doc. # 25]. After a pretrial scheduling conference held on April 24, 2024, and in consultation with the parties, the court set a fact discovery deadline of July 1, 2024, and a further status conference for July 18, 2024. [Doc. # 38].

Pursuant to Bankruptcy Rules 1018, 7033, 7034 and 7036, the familiar discovery rules of the Federal Rules of Civil Procedure apply in contested involuntary bankruptcy proceedings. On April 29, 2024, Rillema served interrogatories, requests for production of documents and requests for admission on Harvey in accordance with those discovery rules. The interrogatories and requests for production were also filed with the court on April 29, 2024. [Doc. # 41]. By rule, responses were due to Rillema's counsel within 30 days after service, plus 3 days for mailing continued to the next day that is not a Saturday or Sunday, or by June 3, 2024. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A); Fed. R. Bankr. P. 9006(a)(1)(C), (f).

No responses were forthcoming from Harvey. Nor does the docket show any motion for an extension of time to respond. Counsel for Rillema reached out to Harvey by e-mail on June 6, 2024, and was informed by e-mail on June 7, 7024, that responses would be forthcoming on or before Monday June 10, 2024. [Doc. # 48]. No responses were forthcoming from Harvey. [*Id.*]. Counsel for Rillema reached out to Harvey by e-mail again on July 1, 2024, to which Harvey responded on Sunday July 7, 2024, by e-mail asking that the discovery requests be sent to him in Word format. [Id]. Counsel for Rillema did so by e-mail on July 8, 2024. [*Id.*]. No responses were forthcoming from Harvey.

Faced with Local Rule 7026-1, which provides in part that no motion to compel may be filed more than 14 days after a discovery cut-off [July 1, 2024], counsel for Rillema filed on July 12, 2024, a motion to compel discovery responses from Harvey. [Doc. # 48]. The motion was brought under Rule 37(a)(3)(B)(iii), (iv). By Local Rule, 9013-1, Bankruptcy Rule 9006(f) and the required notice of motion and opportunity to respond [Doc. # 48, Att. 6], Harvey's deadline for response to the motion to compel was July 29, 2024. Rillema's pending motion to compel was also discussed at the further July 18, 2024, status conference, at which Harvey stated he had not seen

2

it. The court directed counsel for Rillema to e-mail another copy of the motion to compel to Harvey. [Doc. # 50]. Noting the pendency of the motion to compel and the awaited response, the court did not at that time schedule further proceedings on the Involuntary Petition. [*Id.*].

Harvey did not respond to the motion to compel discovery. [Doc. # 53]. Nor does the docket show any request for an extension of time to do so. The court granted it by order entered on July 30, 2024. [Doc. # 55]. The court's order, which has not been returned to the court as undeliverable, directed Harvey to respond to Rillema's outstanding discovery requests within 21 calendar days of its entry, or by August 19, 2024. It also directed counsel for Rillema to file within 7 days an Affidavit detailing the time and expenses associated with filing the motion to compel, to allow the court to consider payment of expenses under Rule 37(a)(5). Counsel timely filed the Affidavit on August 5, 2024. [Doc. # 59]. The court has entered a separate order affording Harvey until October 25, 2024, to file his response, if any, to the Affidavit. [Doc. # 67].

Still no discovery responses were forthcoming from Harvey. Nor does the docket show any request for extension of time to do so. After e-mailing Harvey to remind him of the court's order requiring him to respond to the discovery requests, on August 28, 2024, Rillema's counsel filed the instant Motion. By Local Rule, 9013-1, Bankruptcy Rule 9006(a)(1)(C) and (f) and the required notice of Motion and opportunity to respond [Doc. # 65, Att. 2], Harvey's deadline for response to the instant Motion was September 16, 2024. No response to the Motion has been forthcoming from Harvey. [Doc. # 66]. Nor does the docket show any request for an extension of time to respond to the Motion.

The Motion asks the court to dismiss Harvey's Involuntary Petition with prejudice as a sanction for not obeying the court's discovery order and to order him to pay the expenses caused by his failure to comply with it. The basis for the relief requested is Rule 37(b)(2)(A), (C).

The Sixth Circuit Court of Appeals considers four factors in reviewing a trial court's dismissal under Rule 37(b). *Universal Health Group v. Allstate Inc. Co.*, 703 F.3d 953, 956 (6th Cir. 2013). They are "'(1) whether the party's failure is due to willfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.'" *Id.,* quoting *United States v. Reyes,* 307 F.3d 451, 458 (6th Cir. 2002), internal quotation marks and citation omitted. Further, "[a]lthough no one factor is dispositive, dismissal is proper if the record demonstrates delay or

contumacious conduct." *Id*. The court will consider these factors in evaluating whether dismissal of the Involuntary Petition or some other sanction is appropriate.

1. <u>Willfulness, Bad Faith or Fault</u>

In consultation with the parties at the pretrial scheduling conference held on April 24, 2024, the court set a quick fact discovery deadline of July 1, 2024, and a further scheduling conference for July 18, 2024. The Involuntary Petition has been pending for more than a year, and although it has not, such proceedings are supposed to proceed expeditiously. Fed. R. Bankr. P. 1013(a).

The facts that must be proven to prevail on an Involuntary Petition are straightforward statutory standards set forth in § 303(b) and (h) of the Bankruptcy Code. *In re Luxeward, Inc.*, 556 B.R. 627, 638-39 (Bankr. Del. 2016). To invoke his standing under § 303(a) to bring the Involuntary Petition, Harvey alleged on the Official Form Involuntary Petition he signed under penalties of perjury that Rillema owes him two oddly specific debts in the amounts of $218,403.16 (said in the petition to arise from "Conversion and Unsecured debts due and legally undisputed") and $201,392.44 (said in the petition to arise from "Purchase Money due from property purchase."). [Doc. # 1, p. 3/5.]. The interrogatories and requests for production of documents that remain unanswered are specific, few in number and targeted directly at the facts Harvey must prove, including a prima facie case that the debts he alleges he is owed by Rillema are not subject to a bona fide dispute, *In re Betteroads Asphalt, LLC*, 594 B.R. 516, 544 (Bankr. D.P.R. 2018). The discovery dispute in issue is not over the content or clarity or scope of the requests. Harvey has simply disregarded his obligations under the court rules and a court order to respond at all. Not one document or interrogatory response has been forthcoming from Harvey. Nor has he bothered to respond to the original motion to compel, which was discussed at the status conference on July 18, 2024 [Doc. # 50], or the instant Motion [Doc. # 66].

The July 18, 2024, status conference was timed to occur soon after the conclusion of fact discovery. It largely proved to be a waste of time with no further schedule set by the court pending resolution of the motion to compel and presumably, eventual submission of the required discovery responses.

Meanwhile, Harvey nevertheless found time to file on July 25, 2024, a frivolous jury demand [Doc. # 62], which was stricken by the court on motion of the Alleged Debtor, and on April 24, 2024, a baseless motion to appoint an interim trustee [Doc. # 32], which was denied.

Also, during the discovery period, representing himself Harvey commenced on May 23,

4

2024, his own individual SubChapter V Chapter 11 case in this court, Case No. 24-30967.[1] Of significance to the Motion, Harvey's own Chapter 11 Schedule A/B: Property under the category of "Money or property owed to you?" did not list any debts owed to him by Rillema. [Case No. 24-30967, Doc. # 1, Qs. 28-35, pp. 23-24/70]. His own schedules were also signed under penalties of perjury.

The court finds from these actions and omissions that Harvey's failure to obey the court's order requiring him to respond to Rillema's outstanding discovery requests is willful and contumacious. His noncompliance is not borne of mistake, oversight, confusion, irrelevance, an inability to comply or the complexity of the information and documents sought from him by the Alleged Debtor.

    2.    <u>Whether Rillema is Prejudiced By Harvey's Conduct</u>

Although the Official Form Involuntary Petition required to be used is akin to a complaint commencing ordinary civil litigation, as shown by Bankruptcy Rule 1018 and as determined by the court in denying Rillema's Rule 12(b)(6) motion [Doc. # 22, pp. 5-7], the required averments are skinny and conclusory at best. Rillema's straightforward discovery requests seek only to put evidentiary meat on the bone to understand how Harvey intends to meet his burden of proof on the Involuntary Petition and to formulate a defense to it. The interrogatories and document production requests as to the very specific debts that Harvey asserts that he is owed by Rillema are uniquely within his knowledge. Harvey's omission of any alleged debt owed to him by Rillema from his own bankruptcy schedules emphasizes Alleged Debtor's need for the requested information and documents in order to proceed on the merits of the Involuntary Petition. Harvey's failure to respond to the requests, which are basic, prevents the Alleged Debtor from obtaining evidence essential to his defense.

Rillema's counsel has also followed up repeatedly with Harvey, to no avail, resulting in two motions that should not have to have been filed.

The court finds that Harvey's failure to comply with the court's order requiring him to

---

[1] The court takes judicial notice of the contents of the case docket and record in the underlying Chapter 7 and Chapter 11 cases. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *In re Calder*, 907 F.2d 953, 955 n.2 (10th Cir. 1990); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (10th Cir. 1979) (stating that judicial notice is particularly applicable to the court's own records of litigation closely related to the case before it); *United States v. Brugnara*, 856 F.3d 1198, 1209 (9th Cir. 2017) (stating that district court may properly take judicial notice of its own records).

provide the requested information is prejudicial to Rillema.

  3. <u>Whether Harvey Was Warned That His Failure to Cooperate Could Lead to Dismissal of the Involuntary Petition</u>

  The court acknowledges that it has not explicitly warned Harvey that his failure to cooperate and to comply with the court's discovery order could result in dismissal of the Involuntary Petition. However, as the Sixth Circuit has noted "[t]here is no magic-words prerequisite to dismissal under Rule 37(b)." *Universal Health Group,* 703 F.3d at 956. As a pre-dismissal warning is just one factor, the Sixth Circuit has held that a prior warning is not indispensable. *Fharmacy Records v. Nasser,* 379 Fed. Appx. 522, 524 (6th Cir. 2010), citing *Reyes*, 307 F.3d at 458 and *Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962).

  The Motion explicitly asks for dismissal of the Involuntary Petition, putting Harvey on notice that the court might dismiss the Involuntary Petition if he continued to ignore his obligation to respond to discovery. Harvey did not even respond to it. Harvey is a former lawyer. Rule 37(b)(2)(A) lists as one possible sanction for failure to obey a discovery order "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). The discovery at issue is not a discrete or arcane part of the proceeding; it goes to the heart of the case. The idea that Harvey would have responded to Rillema's discovery requests or obeyed the court's discovery order if only the court informed him that the failure to do so might result in dismissal of the Involuntary Petition rewards his willful inaction and mocks the judicial process.

  Under the circumstances of this case, no explicit warning of dismissal is necessary. *Harman v. CSX Transp., Inc.,* 110 F.3d 364, 368 (6th Cir. 1997)(combination of an order to compel and a defendant's motion to dismiss based on plaintiff's failure to comply with order to compel sufficient to put plaintiff on notice of risk of dismissal as a sanction); s*ee D & R Servs., LLC v. Mesa Underwriters Specialty Ins. Co.,* Case No. 23-5651, 2024 WL 2830660, at *5-6 (6th Cir. June 4, 2024)*; Farrar v. Lapan,* Case No. 22-1908, 2023 WL 3151093 *2 (6th Cir. Apr. 28, 2023) (sanction of dismissal for faking evidence and lying under oath affirmed without explicit warning of dismissal). It cannot be said that Harvey was without notice that dismissal of the Involuntary Petition was a possible sanction for continuing to ignore his discovery obligations.

  4. <u>Alternative Sanctions</u>

  Rule 37(b)(2)(A) directs the court to enter as a sanction for failure to obey a discovery order "further just orders." It includes a list of possible "just orders" for consideration, with

dismissing the proceeding just one of them. Others include taking designated facts as established, prohibiting Harvey from supporting designated claims or striking certain pleadings, and staying further proceedings. None of those possible sanctions make any sense in the context of an involuntary bankruptcy petition where the disobeying party is a petitioning creditor. The discovery requests encompass every aspect of the Involuntary Petition. They are straightforward. Nor has Harvey appeared to offer the court any lesser and more just alternative sanction to dismissal that would secure compliance with his discovery obligations and the court's order within a reasonable time.

Harvey has only filed one pleading: the Involuntary Petition. Striking it as a sanction leads to the same place: dismissal.

There is only one claim, seeking an order for relief against Rillema under Chapter 7. Prohibiting Harvey from supporting it leads to the same place: dismissal.

Prohibiting Harvey from introducing evidence about, for example, the two specific debts he claims in the Involuntary Petition (but not in his own bankruptcy case) that he is owed by Rillema and that they are not in bona fide dispute leads to the same place: dismissal.

There is nothing in the record to suggest that staying further proceedings to give Harvey essentially another deadline will produce compliance. Nor would doing so be fair to Rillema or the court. Unless he was violating Rule 9011 of the Federal Rules of Bankruptcy Procedure, Harvey must have had the information and documents requested more than a year ago when he filed the Involuntary Petition. And unlike other civil complaints, the Involuntary Petition had to be and was signed under oath. A stay might be a viable alternative sanction if Harvey had shown any signs of willingness to respond to the discovery requests. He has previously promised responses by June 10, 2024, and they were not forthcoming. He has not responded at all to either the motion to compel or the instant Motion with an explanation that might assist the court in understanding why the discovery and the court's order have been ignored. Thus, the court lacks any touchstone from which it might conclude how or when further delay in the proceedings would ensure compliance.

As for finding Harvey in contempt of court for his failure to comply with the court's discovery order, Fed. R. Civ. P. 37(b)(2)(A)(vii), the sanction of imposing a daily fine until Harvey complies with the court's order would be illusory. The court dismissed his own recent Chapter 11 bankruptcy filing when he failed to pay the filing fee. [Case No. 24-30967, Doc. # 50]. Similarly,

7

Harvey's appeal of the order dismissing his Chapter 11 case was dismissed when he failed to pay the filing fee for the appeal. [Case No. 24-30967, Doc. # 65].

In considering what is a "just order" for Harvey's failure to obey the court's discovery order, the court finds that there is no meaningful lesser sanction to dismissal of the Involuntary Petition that would serve to secure compliance in a reasonable time, penalize Harvey's contumacious and willful inaction to date, ameliorate the ongoing prejudice to Rillema and provide deterrence against future similar behavior.

Based on the foregoing reasons and authorities, the court will grant the Motion and dismiss the Involuntary Petition under Rule 37(b)(2)(A) because of Harvey's failure to obey the court's discovery order. A separate order in accordance with this memorandum of decision and addressing the further jurisdiction of the court in the wake of dismissal of this case will be entered.

# # #